[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1244

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

ASSORTED PIECES OF JEWELRY,

Defendant, Appellee.

 

RAMON TORRES-GONZALEZ,

Claimant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Dominguez, U.S. District Judge] 



Before

Selya, Boudin and Lynch,
Circuit Judges. 



Ramon Torres-Gonzalez on brief pro se. 
Guillermo Gil, United States Attorney, and Jacqueline D. Novas, 
Assistant United States Attorney, on brief for appellee.



October 14, 1997


Per Curiam. Claimant Ramon Torres-Gonzalez appeals from

a district court judgment directing that four items of

jewelry be forfeited as proceeds of his drug-related

activity. See 21 U.S.C. 881(a)(6). As claimant concedes, 

the sole issue squarely presented below--that the forfeiture

proceeding constituted a second form of punishment in

violation of double jeopardy--is now defunct in light of

United States v. Ursery, 116 S. Ct. 2135 (1996). He has 

accordingly shifted gears on appeal and advanced a variety of

arguments involving, inter alia, due process and the Fourth 

Amendment. 

None of these contentions is properly before us. While

claimant is correct that several were set forth as

affirmative defenses below, they were never pursued. The

number of claims was narrowed at the November 8, 1995 status

conference. And in response to the court's directive that

those remaining issues be briefed, claimant submitted a

pleading confined to his double-jeopardy contention. All

other claims, including those he now presses on appeal, were

thereby waived. 

A review of claimant's arguments reveals them to be

without merit in any event. Absent any allegation that the

forfeiture action was filed outside the applicable statute of

limitations, his complaints of administrative delay fail in

light of United States v. James Daniel Good Real Property, 

-2-

510 U.S. 43, 62-65 (1993). His Fourth Amendment argument,

even if not waived as a result of his plea agreement, is

negated by the uncontested facts on record. His prompt

response to the forfeiture complaint belies any claim of

inadequate notice. To the extent claimant is disputing the

existence of probable cause for the forfeiture, the

government's pleadings established an ample basis therefor.

See, e.g., Dock. # 19. Finally, the district court acted 

well within its discretion in declining to review arguments

advanced for the first time in claimant's Rule 59(e) motion.

See, e.g., Jorge Rivera Surillo & Co. v. Falconer Glass 

Indus., 37 F.3d 25, 28-29 (1st Cir. 1994); Williams v. 

Poulos, 11 F.3d 271, 289 (1st Cir. 1993).  

Affirmed. 

-3-